UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SHERRARD MARRAST,

                Plaintiff,                    AMENDED COMPLAINT

      -against-


MICHAEL DEPOSITO, Shield No. 2001,
GREGORY TRIMARSHI, Shield No. 9057,
FORREST HIRSCH, Shield No. 5029,
SALVATOR MELROSE, Shield No. 2092,
CARLOS HERRERA, Shield No. 3317,
BRIAN DOYLE, Shield No. 2068,
JOSEPH ARDOLINA, Shield No. 19087,
SEAN WALSH, Shield No. 7614 in their
individual and official capacities as employees
of the City of New York,
                         Defendants.
-----------------------------------------------------------X

      Plaintiff, Sherald Marrost, by his attorneys, The Rameau Law Firm, alleges the following, upon information and belief, for this Complaint:

### INTRODUCTION

      1.    This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988. The Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution against the police officers mentioned above in their individual and official capacities and against the City of New York.

2. On February 26, 2020, Defendants (collectively, the "Police Defendants") unlawfully assaulted and seriously injured the plaintiff and arrested the plaintiff, all without any justification or due cause.

3. Plaintiff seeks compensatory and punitive damages and an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## JURISDICTION

4. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §§ 1331 and 1367.

## VENUE

5. Under 28 U.S.C. § 1391(b) and (c), venue is proper in the Eastern District of New York.

## PARTIES

**6.** Plaintiff SHERARD MARROST, was at all material times a resident of the City of New York, New York State, and of proper age to commence this lawsuit.

7. Defendant MICHAEL DEPOSITO, Shield No. 2001, was at all relevant times an officer employed by the New York City Police Department ("N.Y.P.D."), acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York

and/or the City of New York, and acting within the scope of his authority and employment. He is named here in his individual and official capacities.

8. Defendant GREGORY TRIMARSHI, Shield No. 9057, was at all relevant times an officer employed by the New York City Police Department ("N.Y.P.D."), acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York, and acting within the scope of his authority and employment. He is named here in his individual and official capacities.

9. Defendant FORREST HIRSCH, Shield No. 5029, was at all relevant times an officer employed by the New York City Police Department ("N.Y.P.D."), acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York, and acting within the scope of his authority and employment. He is named here in his individual and official capacities.

10. Defendant SALVATOR MELROSE, Shield No. 2092, was at all relevant times an officer employed by the New York City Police Department ("N.Y.P.D."), acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York, and acting within the scope of his authority and employment. He is named here in his individual and official capacities.

11. Defendant CARLOS HERRERA, Shield No. 3317, was at all relevant times a sergeant employed by the N.Y.P.D., acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York, and acting within the scope of his authority and employment. He is named here in his individual and official capacities.

12. Defendant BRIAN DOYLE Shield No. 2068, was at all relevant times an officer employed by the N.Y.P.D., acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York, and acting within the scope of his authority and employment. He is named here in his individual and official capacities.

13. Defendant JOSEPH ARDOLINA, Shield No. 19087, was at all relevant times officers and/or supervisors employed by the N.Y.P.D., acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York, and acting within the scope of their authority and employment. They are named here in their individual and official capacities.

14. Defendant SEAN WALSH, Shield No. 7614, was at all relevant times officers and/or supervisors employed by the N.Y.P.D., acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York, and

acting within the scope of their authority and employment. They are named here in their individual and official capacities.

15. Defendant City of New York (hereinafter "The City") is, and was at all relevant times, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York. The City operates the N.Y.P.D., a department or agency of defendant City responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the Police Defendants.

**FACTUAL ALLEGATIONS**

16. Plaintiff is an African-American male.

17. On February 26, 2020, at approximately 10pm Plaintiff was present, with a friend, in the area of Prospect Place and Troy Ave in Brooklyn, New York when they were approached by defendants Trimarshi and Hirsh.

18. Defendant Trimarshi approached the plaintiff and asked the plaintiff whether he had "anything on him?". The plaintiff responded "no". At that point, defendant Trimarshi began searching the Plaintiff. Defendant Trimarshi found a closed bottle of Hennessy in plaintiff's pocket, removed it and put it back into plaintiff's pocket. Defendant Trimarshi walked the Plaintiff to the area where Defendant Hirsh had been searching the plaintiff's friend. At that time, Plaintiff objected to the manner in which Defendant Hirsh had been aggressively manhandling his friend. At that time, Defendant Trimarshi

knocked Plaintiff to the ground and punched Plaintiff in the face a number of times, resulting in a bilateral nasal fracture. Defendant Hirsh had the opportunity to yet failed to intervene in order stop the assault upon the plaintiff. As this assault took place, Defendants Deposito, Melrose, Herrera, Doyle, Ardolino, and Walsh arrived upon the scene. These defendants had the opportunity yet did not intervene to stop the assault upon the Plaintiff. Instead, these defendants assisted in taking the Plaintiff into custody.

19. Ultimately, the Police Defendants transported Plaintiff to a police precinct.

20. At the precinct, the Police Defendants falsely informed members of the Kings County District Attorney's Office that they had observed Plaintiff committing various crimes.

21. At no point did the Police Defendants observe Plaintiff committing any crimes or offenses.

22. The Plaintiff was taken from the police precinct to Brooklyn Central Booking.

23. The assigned prosecutor thereafter incorporated the defendants, false accusations against Plaintiff into a criminal complaint, which defendant TRIMARSHI signed.

24. Plaintiff was arraigned and further prosecuted in the Kings County Criminal Court until all charges against the plaintiff were dismissed and sealed.

25. As a result of the Police Defendants' actions, Plaintiff suffered serious physical injuries, mental and emotional harm of a permanent nature, loss of liberty, and other damages.

## **COUNT ONE**

**False Arrest, 42 U.S.C. § 1983**

**Against All Police Defendants**

26. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

27. The Police Defendants, individually and in concert, arrested, confined, caused the confinement, and/or continued the confinement of

Plaintiff without any privilege whatsoever, with the intent to confine, or cause the confinement of Plaintiff.

28. Plaintiff was conscious of his confinement.

29. Plaintiff did not consent to his confinement.

30. The Police Defendants each deprived Plaintiff of his rights intentionally, knowingly, willfully, or recklessly, under color of law.

31. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein alleged.

## COUNT TWO

### Excessive Use of Force, 42 U.S.C. § 1983

### Against Defendant Trimarshi

32. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

33. The Defendant Trimarshi intentionally punched Plaintiff and caused him serious physical injury.

34. The Defendant Trimarshi's touching of Plaintiff involved the use of excessive physical force and caused serious injuries to Plaintiff.

35. Plaintiff did not consent to physical contact by any of the Police Defendant, and the Defendant lacked legal justification, excuse, or privilege for his conduct.

36. By virtue of the foregoing, the Defendant deprived Plaintiff of his right under the Fourth Amendment to the United States Constitution to be free from the excessive use of force.

37. The Police Defendant deprived Plaintiff of his rights intentionally, willfully, or recklessly, under color of law.

38. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein alleged.

## COUNT FIVE

### Substantive Due Process, 42 U.S.C. § 1983

### Against Defendant Trimarshi

39. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

40. The Defendant Trimarshi maliciously and sadistically abused his government power in his actions toward Plaintiff.

41. These actions were of a kind likely to, and which in fact did, produce substantial injury to Plaintiff.

42. The Defendant Trimarshi treated Plaintiff in a manner that shocks the conscience.

43. The Defendant Trimarshi thus violated Plaintiff's right to substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution.

44. The Police Defendants each deprived Plaintiff of his rights intentionally, willfully, or recklessly, under color of law.

45. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein alleged.

## COUNT SIX

### Due Process/Fair Trial, 42 U.S.C. § 1983

### Against Police Defendants

51. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

52. Defendant TRIMARSHI deprived Plaintiff of his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution by manufacturing false evidence through his account that Plaintiff had obstructed governmental administration, resisted arrest, behaved disorderly and consumed alcohol in public.

53. TRIMARSHI used this false evidence to initiate criminal proceedings against Plaintiff.

54. The State thereafter used this evidence to initial criminal proceedings against Plaintiff.

55. As a result, Plaintiff was deprived of his liberty.

56. TRIMARSHI deprived Plaintiff of his rights intentionally, willfully, or recklessly, under color of law.

57. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein alleged

### COUNT SEVEN

**Failure to Intervene**

**As Against Defendant Depositio, Hirsh, Melrose, Herrerra, Doyle, Ardolino, Walsh**

**58.** Plaintiff repeats and realleges each and every allegation as if fully set

forth herein.

59. Defendant Deposito, Hirsh, Melrose, Herrerra, Doyle, Ardolino, and Walsh were present and did not actively participate in the aforementioned

unlawful conduct, observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

60. Accordingly, these defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

61. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff requests that this Court:

(a) Award compensatory damages against the defendants, jointly and severally, for not less than $1,000,000;
(b) Award punitive damages against the individual defendants, jointly and severally;

(c) Award costs of this action to the Plaintiff;

(d) Award reasonable attorneys' fees and costs to the Plaintiff pursuant to 42 U.S.C. § 1988;

(e) Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a jury trial.

_____/s/_____

Amy Rameau, Esq.

16 Court Street, 2504

                                                    Brooklyn, New York 11241

                                                    Phone: (718) 887-5536

                                                    Fax: (718) 875-5440

**DATED:**      June 2, 2023

                Brooklyn, New York

**TO:**           All Defendants

                Corporation Counsel of the City of New